

Alison Lundergan Grimes
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

November 12, 2014

ANDREW T CRODY

FROM:  SUMMONS DIVISION
SECRETARY OF STATE

RE:  CASE NO: 14-CI-00149

COURT:  Circuit Court Clerk
Breathitt County
1131 Main St.
Jackson, KY 41339
Phone: (606) 666-5768

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) Your attorney, or
(2) The attorney filing this suit whose name should appear on the last page of the complaint, or
(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.



Case: 5:14-cv-00444-DCR-EBA   Doc #: 1-1   Filed: 12/09/14   Page: 2 of 20 - Page ID#: 7

| AOC-105 | Doc. Code: CI | | Case No. | 14-CI-00149 |
|---|---|---|---|---|
| Rev. 1-07 | 10/21/2014 02:28 pm | | Court | ✓ Circuit ☐ District |
| Page 1 of 1 | Ver. 1.02 | | | |
| Commonwealth of Kentucky | | | County | Breathitt |
| Court of Justice   www.courts.ky.gov | | CIVIL SUMMONS | | |
| CR 4.02; CR Official Form 1 | | | | |

**PLAINTIFF**

Consol of Kentucky, Inc.

VS.

Andrew          T.          Croddy          **DEFENDANT**

*(RECEIVED NOV 12 2014 stamp)*

**Service of Process Agent for Defendant:**

| Secretary Allison | Lundergan | Grimes | |
|---|---|---|---|
| 700 Capital Avenue | | | |
| Suite 152 | | | |
| Frankfort | | Kentucky | 40601 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: Nov 7, 2014          James Turner          Clerk
                                                By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

Case: 5:14-cv-00444-DCR-EBA   Doc #: 1-1   Filed: 12/09/14   Page: 4 of 20 - Page ID#: 9

COMMONWEALTH OF KENTUCKY
BREATHITT CIRCUIT COURT
CIVIL ACTION NO. 14-CI-00149

FILED
BREATHITT CIRCUIT COURT
NOV - 7 2014
D.C.
JAMES E. TURNER, CLERK

EDWIN EDWARD "Al" EISERMAN and
BARBARA "LEA" EISERMAN, his wife, Individually;
and BARBARA "LEA" EISERMAN, Mother and
Next Friend of ZACHARY EISERMAN, a minor;
and BARBARA "LEA" EISERMAN, Mother and Next Friend
of BRAXTON EISERMAN, a minor                                PLAINTIFFS

vs.                    **THIRD PARTY COMPLAINT**

KENTUCKY POWER COMPANY;
CONSOL OF KENTUCKY, INC;
JOHN DOE, unknown employee of CONSOL OF KENTUCKY        DEFENDANTS

AND

KENTUCKY POWER COMPANY and
CONSOL OF KENTUCKY, INC.                         THIRD PARTY PLAINTIFFS

vs.

L-3 COMMUNICATIONS VERTEX AEROSPACE LLC
d/b/a and/or a/k/a FREELANCE AIR INC.;
and ANDREW T. CRODDY                             THIRD PARTY DEFENDANTS

SERVE:   L-3 Communications Vertex Aerospace LLC dba/aka
         Freelance Air Inc.
         c/o CT Corporation System
         306 W. Main Street, Suite 512
         Frankfort, KY 40601

         Secretary of State, Allison Lundergan Grimes
         700 Capital Ave., Ste. 152
         Frankfort, KY 40601

         for service on:
             Andrew T. Croddy
             [redacted]



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Come the Defendants/Third Party Plaintiffs, Consol of Kentucky, Inc. ("COK") and Kentucky Power Company ("KPC"), by and through counsel, and for their Third Party Complaint against the Third Party Defendants, L-3 Communications Vertex Aerospace LLC d.b.a./a.k.a. Freeland Air, Inc. ("Freelance") and Andrew T. Croddy ("Croddy"), state and allege as follows:

1. The Third Party Defendant, Freelance, is a corporation organized under the laws of the State of Delaware and is registered as an out of state entity authorized to conduct business within the Commonwealth of Kentucky. At the time of the matters raised in the Complaint filed by the Plaintiff's herein, Freelance conducted business in the Commonwealth of Kentucky.

2. The Third Party Defendant, Croddy, is a resident of the State of California.

3. The Plaintiffs allege in their Complaint that Edwin Eiserman ("Eiserman") was seriously injured in a helicopter crash on or about July 29, 2013 while he was a passenger on a flight operated by the United States Drug Enforcement Agency. A copy of the Plaintiffs' Complaint is attached hereto and made a part hereof as Exhibit A.

4. At all times mentioned in the Plaintiffs' Complaint, Freelance was the registered owner of the helicopter that crashed on July 29, 2013, in which Eiserman was a passenger.

5. At all times mentioned in the Plaintiffs' Complaint, Croddy was the pilot of the helicopter owed Freelance.

6. COK and KPC have been named as defendants in the Plaintiffs' Complaint. The Plaintiffs have alleged that COK and KPC failed to adequately mark their power line in accordance with state and/or federal regulations, resulting in the helicopter crash on

2

July 29, 2013. COK and KPC have denied and continue to deny the allegations against them as contained in the Plaintiffs' Complaint.

7. The above-mentioned injuries to Eiserman, and damages alleged in the Plaintiffs' Complaint, to the extent not caused by Eiserman's own fault and/or contributory fault, were, in whole or in part, the result of the failure to exercise ordinary care on the part of the Third Party Defendants, including, but not limited to, failures on the part of the Third Party Defendants, to exercise ordinary care to protect and prevent injuries to Eiserman.

8. Eiserman's injuries and the damages alleged in the Plaintiffs' Complaint, to the extent not caused by Eiserman's own fault and/or contributory fault, were proximately and directly caused by the negligence of Third Party Defendants, acting by and through their agents, representatives, servants, and/or employees.

9. The Third Party Defendants are liable for all or part of the Plaintiffs' claims against COK and KPC.

## COUNT I

### APPORTIONMENT

10. COK and KPC incorporate the allegations in Paragraph Nos. 1-9 of their Third Party Complaint as if fully set forth herein.

11. If any judgment is rendered in this proceeding in favor of the Plaintiffs, then, in the alternative, any fault of the Third Party Defendants should be apportioned to the Third Party Defendants, based upon their own negligence and/or gross negligence and the liability, if any, of COK and KPC should be limited in accordance with the percentage of fault allocated to them, all pursuant to KRS 411.182.

3

## COUNT II

### CONTRIBUTION/COMMON LAW INDEMNITY

11. COK and KPC incorporate the allegations in Paragraph Nos. 1-11 of their Third Party Complaint as if fully set forth herein.

12. COK and KPC, if they are found liable to the Plaintiffs, state that their acts or failures to act, if any, which are specifically denied, were passive and/or secondary, while the acts or failures to act on the part of the Third Party Defendants were active and/or primary.

13. As a result, COK and KPC are entitled to contribution and/or full common law indemnity from the Third Party Defendants.

WHEREFORE, COK and KPC pray for the following relief:

1. A determination of apportionment of fault of each party herein including the Third Party Defendants, Freelance and Croddy;

2. That they recover on their claims of contribution and common law indemnity against the third Party Defendants, Freelance and Croddy;

3. For their costs herein expended, including reasonable attorneys' fees and costs; and

4. Any and all other relief to which it may appear that they are entitled.

Respectfully submitted,

BILLY R. SHELTON, ESQ.
JOSEPH D. HALBERT, ESQ.
Jones, Walters, Turner & Shelton, PLLC
151 N. Eagle Creek Drive, Suite 310
Lexington, KY 40509
(859) 294-6868
(859) 294-6866 Facsimile



And

Randall Scott May w/perm by BR

RANDALL SCOTT MAY, ESQ.
Davidson & Associates
P.O. Box 986
Hazard, KY 41702
(606) 436-1930

EXHIBIT A

COMMONWEALTH OF KENTUCKY
BREATHITT CIRCUIT COURT
CIVIL ACTION NO. 14-CI-00149

FILED
BREATHITT CIRCUIT COURT
JUL 17 2014
D.C.
JAMES E. TURNER CLERK

EDWIN EDWARD "AL" EISERMAN and
BARBARA "LEA" EISERMAN, his wife, Individually;
and BARBARA "LEA" EISERMAN, Mother and
Next Friend of ZACHARY EISERMAN, a minor;
and BARBARA "LEA" EISERMAN, Mother and Next Friend
of BRAXTON EISERMAN, a minor                                    PLAINTIFFS

vs.

KENTUCKY POWER COMPANY
1 Riverside Plaza
Columbus, OH 43215
    Serve:  C T Corporation System, Process Agent
           306 W. Main Street, Suite 512
           Frankfort, KY 40601

and

CONSOL OF KENTUCKY, INC.
1000 Consol Energy Drive
Canonsburg, PA 15317
    Serve:  C T Corporation System, Process Agent
           306 W. Main Street, Suite 512
           Frankfort, KY 40601

and

JOHN DOE, Unknown Employee of
Consol of Kentucky, Inc.                                        DEFENDANTS

---

## COMPLAINT

---

Come now the plaintiffs, Edwin Edward 'Al' Eiserman and Barbara 'Lea' Eiserman, his wife, Individually; Barbara 'Lea' Eiserman, as Mother and Next Friend of Zachary Eiserman, a

minor; and Barbara 'Lea' Eiserman, as Mother and Next Friend of Braxton Eiserman, a minor, by and through counsel, and for their claims and causes of action against the defendants herein, state as follows:

1. The plaintiff, Erwin Edward 'Al' Eiserman, is and was at all times relevant hereto a resident of Breathitt County, Kentucky with a mailing address of 235 Howell Heights, Jackson, Kentucky 41339.

2. The plaintiff, Barbara 'Lea' Eiserman, is and was at all times relevant hereto, a resident of Breathitt County, Kentucky with a mailing address of 235 Howell Heights, Jackson, Kentucky 41339.

3. The defendant, Kentucky Power Company, is and was at all times relevant hereto, a Kentucky corporation, with its principal place of business being 1 Riverside Plaza, Columbus, OH 40601. The process agent for this defendant is C T Corporation System, 306 W Main Street, Suite 512, Frankfort, KY 40601.

4. The defendant, Consol of Kentucky, Inc., is and was at all times relevant hereto, a Pennsylvania corporation licensed to do business in the Commonwealth of Kentucky, with its principal place of business being 1000 Consol Energy Drive, Canonsburg, PA 15317. The process agent for this defendant is C

T Corporation System, 306 W Main Street, Suite 512, Frankfort, KY 40601.

5. The unknown defendant, John Doe, is an individual who was employed by the defendant, Consol of Kentucky, Inc.

6. On or about the 29th day of July, 2013, the plaintiff, Edwin Edward "AL" Eiserman, was a passenger in a helicopter operated by the United States Drug Enforcement Agency during a public use flight.

7. While flying between ridges near Elamton, Breathitt County, Kentucky, the helicopter crashed after striking an unmarked utility wire constructed and owned by defendants, Kentucky Power Company and Consol of Kentucky, Inc.

8. Due to the gross negligence of the defendants, Kentucky Power Company, Consol of Kentucky, Inc., and John Doe, the utility line was not properly marked in compliance with state and federal regulations.

9. Due to the gross negligence of the defendants, Kentucky Power Company, Consol of Kentucky, Inc., and John Doe, by failing to properly mark the utility line in compliance with state and federal regulations, the power line was not visible to the pilot of the helicopter.

## COUNT I

10. That as a direct and proximate result of the gross negligence of the defendants, the plaintiff, Edwin Edward "Al" Eiserman, has incurred reasonable and necessary medical expenses, and will continue to incur additional medical expenses in the future.

11. As a result of the gross negligence of the defendants, the plaintiff, Edwin Edward "Al" Eiserman, was caused to suffer serious bodily injuries, and because of the serious bodily injuries sustained by the plaintiff, the plaintiff has been caused to suffer physical pain, suffering, mental anguish, and inconvenience, and will continue to suffer such pain, suffering, mental anguish, and inconvenience in the future. Further, the plaintiff has incurred and may incur future medical expenses and physicians' expenses.

12. The plaintiff, Edwin Edward "Al" Eiserman, has also suffered a loss of enjoyment of life and a loss of quality of life.

13. In addition, due to the gross negligence of defendants, the plaintiff, Edwin Edward "Al" Eiserman, has lost wages and suffered a permanent impairment of his ability to earn money in the future.

14. Due to the gross negligence of defendants, the plaintiff, Edwin Edward "Al" Eiserman, has been caused to suffer damages in excess of Five Thousand Dollars ($5,000), the jurisdictional limits of this Court.

## COUNT II

15. The plaintiffs, Edwin Edward 'Al' Eiserman and Barbara 'Lea' Eiserman, adopt and reiterate each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16. As a result of the injuries suffered by the plaintiff, Edwin Edward 'Al' Eiserman, the plaintiff's wife, Barbara 'Lea' Eiserman, has suffered the loss of her husband's services, aid, assistance, society, companionship, and conjugal relationship, and she will continue to suffer such losses in the future.

17. Due to the gross negligence of defendants, the plaintiff, Barbara 'Lea' Eiserman, is entitled to recover those elements of damages pursuant to KRS 411.145(2), such damages commonly referred to collectively as loss of consortium.

18. As a result of the injuries suffered by the plaintiff, Barbara 'Lea' Eiserman, has been caused to suffer damages in excess of Five Thousand Dollars ($5,000), the jurisdictional limits of this Court.

## COUNT III

19. The plaintiffs, Edwin Edward 'Al' Eiserman and Barbara 'Lea' Eiserman, adopt and reiterate each and every allegation contained in paragraphs 1 through 18 as if fully set forth herein.

20. As a result of the injuries suffered by the plaintiff, Edwin Edward 'Al' Eiserman, the plaintiffs' son, Zachary Eiserman, has suffered the loss of his father's services, aid, assistance, society, and companionship, and she will continue to suffer such losses in the future.

21. Due to the gross negligence of defendants, the minor, Zachary Eiserman, is entitled to recover those elements of damages, such damages commonly referred to collectively as loss of parental consortium.

22. As a result of the injuries suffered by the plaintiff, the minor, Zachary Eiserman, has been caused to suffer damages in excess of Five Thousand Dollars ($5,000), the jurisdictional limits of this Court.

## COUNT IV

23. The plaintiffs, Edwin Edward 'Al' Eiserman and Barbara 'Lea' Eiserman, adopt and reiterate each and every allegation contained in paragraphs 1 through 22 as if fully set forth herein.

24. As a result of the injuries suffered by the plaintiff, Edwin Edward 'Al' Eiserman, the plaintiffs' son, Braxton Eiserman, has suffered the loss of his father's services, aid, assistance, society, and companionship, and she will continue to suffer such losses in the future.

25. Due to the gross negligence of defendants, the minor, Braxton Eiserman, is entitled to recover those elements of damages, such damages commonly referred to collectively as loss of parental consortium.

26. As a result of the injuries suffered by the plaintiff, the minor, Braxton Eiserman, has been caused to suffer damages in excess of Five Thousand Dollars ($5,000), the jurisdictional limits of this Court.

### COUNT V

27. The plaintiffs, Edwin Edward 'Al' Eiserman and Barbara 'Lea' Eiserman, adopt and reiterate each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28. By failing to properly mark the utility line in compliance with state and federal regulations, the defendants, Kentucky Power Company, Consol of Kentucky, Inc., and John Doe, were grossly negligent.

29. Due to the gross negligence of the defendants, Kentucky Power Company, Consol of Kentucky, Inc., and John Doe, the plaintiffs, Edwin Edward 'Al' Eiserman and Barbara 'Lea' Eiserman, are entitled to punitive damages in order to punish the defendants and deter similar conduct in the future.

**WHEREFORE**, the plaintiffs, Edwin Edward 'Al' Eiserman and Barbara 'Lea' Eiserman, demand as follows:

1. That a Summons be issued to the defendant, Kentucky Power Company, 1 Riverside Plaza, Columbus, OH 43215, and that a copy thereof, along with a copy of the Complaint be served upon C T Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601, process agent for this defendant.

2. That a Summons be issued to the defendant, Consol of Kentucky, Inc., 1000 Consol Energy Drive, Canonsburg, Pa 15317, and that a copy thereof, along with a copy of the Complaint be served upon C T Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601, process agent for this defendant.

3. That the Court appoint a warning order attorney to identify and serve the unknown defendant, John Doe.

4. Judgment against the defendants, Kentucky Power Company, Consol of Kentucky, Inc., and John Doe, jointly and severally, in favor of the plaintiffs, Edwin Edward 'Al' Eiserman and Barbara 'Lea' Eiserman, in an amount in excess of

Five Thousand Dollars, said amount to be that which is to be determined as being fair and reasonable by all of the evidence, for the following elements of damages:

    a. The plaintiff, Edwin Edward 'Al' Eiserman's, past mental and physical pain, suffering and inconvenience;

    b. The plaintiff, Edwin Edward 'Al' Eiserman's, future mental and physical pain, suffering and inconvenience;

    c. The plaintiff, Edwin Edward 'Al' Eiserman's, lost wages and permanent impairment plaintiff, ability to earn money;

    d. The plaintiff, Edwin Edward 'Al' Eiserman's, past medical expenses and future medical expenses;

    e. The plaintiff, Barbara 'Lea' Eiserman's, loss of consortium;

    f. The minor, Zachary Eiserman's, loss of parental consortium;

    g. The minor, Braxton Eiserman's, loss of parental consortium;

    h. Miscellaneous expenses incurred by the plaintiffs, including but not limited to travel expenses, necessitated by the grossly negligent acts of the defendants; and

    i. Punitive damages.

5. Pre-judgment and post-judgment interest;

6. Trial by jury;

7. Plaintiffs' costs herein expended; and

8. Any and all other relief to which the plaintiffs may appear to be entitled.

This the 16܂ day of July 2014.

**JEFFREY R. MORGAN & ASSOCIATES, PLLC.**
182 Roy Campbell Drive
P.O. Box 509
Hazard, Kentucky 41702-0509
Telephone:     (606) 436-4361
Facsimile:     (606) 439-6548
e-mail: jeffreymorgan@jeffreymorganlaw.com
(Co-Counsel for Plaintiffs)

By: _____
    Jeffrey R. Morgan

**THE MORGAN LAW FIRM, PLLC.**
Post Office Box 1268
Hazard, Kentucky 41702
Telephone:     (606) 436-4361
Facsimile:     (606) 439-6548
(Co-counsel for Plaintiffs)

By: _____
    Jeremy R. Morgan