UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EDWIN EDWARD EISERMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 14-444-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY POWER COMPANY, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| L-3 COMMUNICATIONS VERTEX | ) | **MEMORANDUM OPINION** |
| AEROSPACE LLC, et al., | ) | **AND ORDER** |
| | ) | |
| Third-Party Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This action is pending for consideration of Third-Party Defendant L-3 Communications Vertex Aerospace LLC's ("Vertex") Motion to Dismiss the third-party claims against it for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 7] In an effort to salvage these claims, Third-Party Plaintiffs Kentucky Power Company and Consol of Kentucky, Inc. (collectively, the "Power Companies") seek to file an Amended Third-Party Complaint. [Record No. 14] For the reasons discussed below, Vertex's motion will be granted and the Power Companies' motion will be denied.

**I.**

On July 29, 2013, a helicopter operated by the United States Drug Enforcement Agency struck utility lines and crashed. [Record No. 1, p. 13] Plaintiff Edwin Eiserman, a

-1-

passenger in the helicopter, allegedly suffered mental and physical injuries as a result of the accident.   He and his family filed various tort claims in Breathitt Circuit Court against the Power Companies.   [*Id.*, p. 11]   In turn, the Power Companies filed a Third-Party Complaint against Vertex and the helicopter pilot, Andrew T. Croddy (later substituted by the United States Attorney), for apportionment, contribution, and indemnity.   [*Id.*, p. 5]   The action was removed to this Court and is pending for consideration of Vertex's motion to dismiss the third-party claims asserted against it.   [Record Nos. 1, 7]

## II.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief."   *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted).   However, the Court

need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. Under this rule, the Power Companies' opportunity to amend the Third-Party Complaint as a matter of course has passed. *See* Fed. R. Civ. P. 15(a)(1)(A), (B) (establishing a window in which plaintiffs may amend as of right). As a result, the third-party plaintiffs may now amend their Third-Party Complaint only with the third-party defendants' written consent or with the Court's permission. Fed. R. Civ. P. 15(a)(2). Because Vertex opposes the motion for leave to amend, [Record No. 18] the Court considers whether justice requires that leave be granted.[1] *See* Fed. R. Civ. P. 15(a)(2). This policy is premised on the desirability of hearing the plaintiff's claims on the merits. *Foman v. Davis*, 371 US. 178, 182 (1962). Generally, a plaintiff's motion for leave to amend should be

---

[1]     Third-Party Defendant United States advises that, because "the proposed amended third party complaint does not significantly impact the allegations as to the federal defendant, the United States shall not respond to the merits of the motion." [Record No. 23]

-3-

granted absent a justifiable reason, such as avoiding undue delay, repeated failure to cure deficiencies, prejudice to the opposing party, and futility of the amendment. *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). Here, Vertex opposes the motion based futility. [Record No. 18, p. 1]

A motion to amend is deemed futile if the proposed amendment "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999). The Court will consider only the proposed Amended Complaint, which must include "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. To overcome a Rule 12(b)(6) dismissal, "the complaint's 'factual allegations must be enough to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" *Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010) (citing *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009)).

## III.

### A.    Motion to Dismiss Third-Party Complaint

Seeking apportionment, indemnity, and common law contribution in the Third-Party Complaint, the Power Companies allege that Vertex "was the registered owner of the helicopter." [Record No. 1-1, p. 7] However, under Kentucky law, this allegation standing alone is insufficient to impose liability. *See Tackett v. Vargas*, 2014 U.S. Dist. LEXIS

-4-

100723 (E.D. Ky. July 24, 2014); *Farmer v. Stidham*, 439 S.W. 2d 71, 72 (Ky. 1969) ("Mere ownership of an automobile is not enough to impose liability on the owner for an accident brought about by the negligence of one operating the car with the owner's consent absent certain exceptional circumstances.").

The only other allegations against Vertex in the original Third-Party Complaint provide:

> 7.      The above-mentioned injuries to Eiserman, and the damages alleged in the Plaintiff's Complaint, to the extent not caused by Eiserman's own fault and/or contributory fault, were, in whole or in part, the result of the failure to exercise ordinary care on the part of the Third Party Defendants, including, but not limited to, failures on the part of the Third Party Defendants, to exercise ordinary care to protect and prevent injuries to Eiserman.

> 8.      Eiserman's injuries and the damages alleged in the Plaintiff's Complaint, to the extent not caused by Eiserman's own fault and/or contributory fault, were proximately and directly caused by the negligence of Third Party Defendants, acting by and through their agents, representatives, servants, and/or employees.

[Record No. 1-1, p. 8]  Beyond these bare allegations, the Third-Party Complaint provides no factual basis for the Power Companies' entitlement to relief.   Applying the pleading standards set forth in *Iqbal* and *Twombly*, the Third-Party Plaintiffs have not sufficiently pled claims for either negligence or failure to exercise ordinary care.  Even accepting all of their factual allegations as true, the Third-Party Complaint is devoid of a description of Vertex's alleged actions that would give rise to a colorable claim.  *See Massachusetts Mut. Life v. Watson*, 2013 U.S. Dist. LEXIS 94421, at *8 (E.D. Ky. July 8, 2013).  There is only the legal conclusion that Vertex acted negligently and failed to exercise ordinary care.

In defense of the Third-Party Complaint, the Power Companies argue that, "without the benefit of discovery, it is difficult to say with precision" the factual specifics entitling

them to relief.   [Record No. 13, p. 2]   However, the Sixth Circuit has rejected similar arguments, cautioning that the directives of Rule 12(b)(6) pleading standards "do not exist for their own sake."   *16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502, 504 (6th Cir. 2013).  Rather, they prevent plaintiffs from "brandishing the threat of discovery" when there is no reasonable likelihood that they can construct a claim from the events related in the complaint.  *Id.*

In short, the Power Companies have not alleged sufficient facts to elevate their allegations against Vertex from threadbare recitals to claims upon which relief can be granted.  As a result, the claims in the Complaint against Vertex will be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B.      Motion to Amend Third-Party Complaint

The third-party plaintiffs seek to amend the Third-Party Complaint to sufficiently state a claim against Vertex.  [Record No. 14]  In response, Vertex argues that the defendants' motion to amend should be denied because the proposed amended claims are futile.  As noted above, "a proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose*, 203 F.3d at 420.  Based upon the Court's review of the tendered proposed Amended Third-Party Complaint, it appears that the Power Companies made only two changes to the allegations against Vertex.  Neither is sufficient to salvage their claims.

First, replacing the allegation that Vertex "was the registered owner of the helicopter," [Record No. 1-1] the proposed amendments allege that Vertex "owned the subject helicopter."  [Record No. 14-1, p. 2]  This change is not substantive and does not rectify the original flaws of the Power Companies' claim.  As noted previously, mere

-6-

allegations of ownership are insufficient to state a claim under Kentucky law and will not survive a motion to dismiss.  *See Tackett*, 2014 U.S. Dist. LEXIS 100723; *Farmer*, 439 S.W. 2d at 72.

Second, the proposed Amended Third-Party Complaint includes the following allegation:

> 9.      Additionally, upon information and belief, [Vertex] failed to adequately and reasonably maintain the subject helicopter and to instruct Croddy in the safe and proper use of their aircraft.

[Record No. 14-1, p. 2]  However, to survive a motion to dismiss, a complaint must plead facts that create a "plausible inference" of wrongdoing.  *Iqbal*, 556 U.S. at 682.  The Sixth Circuit has held that "the mere fact that someone believes something to be true does not create a plausible inference that it is true."  *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917 (6th Cir. 2014); *see also 16630 Southfield Ltd.*, 727 F.3d at 506 (finding a series of "upon information and belief" claims insufficient because the plaintiffs "have merely alleged their belief").  The fatal flaw that dooms the third-party plaintiffs' claims against Vertex is the omission of facts that suggest that Vertex violated the law. Because the proposed amendments would not survive a motion to dismiss, the Court will not permit the Power Companies to amend their Third-Party Complaint.

## IV.

The third-party plaintiffs have not alleged facts sufficient to adequately plead claims against Vertex and the proposed amendments to the Third-Party Complaint would be futile. Accordingly, it is hereby

**ORDERED** as follows:

1.      Third-Party Defendant Vertex's motion to dismiss [Record No. 7] is **GRANTED**.

2.      All claims asserted by Third-Party Plaintiffs Consol of Kentucky, Inc. and Kentucky Power Company against Vertex are **DISMISSED** with prejudice.

3.      The third-party plaintiffs' motion to amend the Third-Party Complaint [Record No. 14] is **DENIED**.

This 3rd day of March, 2015.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**