UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| ERWIN EDWARD EISERMAN, et al., | ) |
| Plaintiffs, | ) Civil Action No. 5: 14-444-DCR |
| V. | ) |
| KENTUCKY POWER COMPANY, et al., | ) |
| Defendants and Third-Party Plaintiffs, | ) **MEMORANDUM OPINION AND ORDER** |
| V. | ) |
| KENTUCKY STATE POLICE, et. al., | ) |
| Third-Party Defendants. | ) |

*** *** *** ***

This matter is pending for consideration of Third-Party Defendant Kentucky State Police's ("KSP") motion to dismiss the claims asserted against it in a Third-Party Complaint filed by Defendants Kentucky Power Company and Consol of Kentucky, Inc. (collectively, the "Power Companies"). [Record No. 84] In its motion, the KSP contends that the Third-Party Complaint fails to state a claim upon which relief may be granted because the KSP is not subject to liability by virtue of sovereign immunity. *Id.* In their response to the KSP's motion, the Power Companies agree that sovereign immunity bars their claims against the KSP. [Record No. 89] However, they ask the Court for an apportionment instruction against the KSP at trial.

Because the claims against the KSP are barred by sovereign immunity, its motion to dismiss the claims contained in the Third-Party Complaint will be granted. However, the

-1-

Power Companies' request for an apportionment instruction will be denied. As discussed more fully below, Kentucky law prohibits apportionment for parties dismissed based on absolute sovereign immunity.

### I.

This case arises from the crash of a United States Drug Enforcement Agency helicopter on July 29, 2013. [Record No. 1-1] Plaintiff Al Eiserman was acting within the scope of his employment with the KSP at the time of the accident and was a passenger in the helicopter when it hit a power line allegedly owned by the Power Companies. [Record Nos. 1-1, 66, and 84] The plaintiffs contend that the Power Companies' gross negligence caused the accident and Eiserman's resulting injuries. [Record No. 1-1] Following removal to this Court, the Power Companies filed a Third-Party Complaint seeking apportionment, indemnity, and common law contribution from the KSP. [Record No. 66]

On September 1, 2015, the KSP moved to dismiss the claims asserted against it. [Record No. 84] In their response, the plaintiffs agreed that the KSP is protected from liability by virtue of sovereign immunity and, therefore, is entitled to dismissal of the claims asserted against it. [Record No. 88] However, they contend that, by virtue of the Sixth Circuit's decision in *Grimes v. Mazda N. Am. Operations*, 355 F.3d 566 (6th Cir. 2004), they are entitled to an apportionment instruction against the KSP at trial. *Id.*

### II.

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the Complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)).  The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Thus, although the Complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

The KSP argues that, as a department within the Executive Branch of the Commonwealth of Kentucky, the Eleventh Amendment of the United States Constitution entitles it to dismissal of the claims asserted against it based on sovereign immunity.  [Record No. 84]  The KSP is correct regarding this argument.  *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).  As a result, the claims asserted against the KSP will be dismissed.

### III.

As noted above, the Power Companies contend that they are entitled to an apportionment instruction regarding the KSP notwithstanding the fact that the claims asserted against that entity are subject to dismissal because of its sovereign immunity protection.  [Record No. 89]  Federal district courts have discretion to instruct juries, so long as the instructions correctly state the substantive law, instruct on issues relevant to the case, and do not mislead the jury. *King v. Ford Motor Co.*, 209 F.3d 886, 897 (6th Cir. 2000). Kentucky's substantive law explicitly prohibits apportionment instructions against parties dismissed based on absolute sovereign immunity.  Therefore, this Court will not give the requested apportionment instruction should this matter proceed to trial.

The Kentucky Supreme Court directly addressed this issue in *Jefferson Cnty. Commonwealth Attorney's Office v. Kaplan*, 65 S.W.3d 916, 921-22 (Ky. 2001). In that case, Puckett sued his attorney, Kaplan, for legal malpractice regarding Kaplin's representation of him in a criminal case. *Id.* at 918. When Kaplan joined two state prosecutors and a KSP chemist in the suit based on claims of indemnity, contribution, and apportionment, the trial court dismissed his third-party complaint based of sovereign immunity. *Id.* Like the Power Companies here, Kaplan argued for an apportionment instruction under K.R.S. § 411.182. *Id.* at 921. This statutory section requires that an apportionment instruction be given "in all tort actions, including products liability actions, involving fault of more than one (1) party to the action, including third-party defendants and persons who been released under subsection (4) of [the] section." Subsection (4) governs parties released by settlement agreement. *Id.*

The *Kaplan* Court held that, following dismissal, the prosecutors and chemist were no longer third-party defendants under § 411.182. As a result, Kaplan was not entitled to an apportionment instruction. 65 S.W.3d at 922. In *Lexington-Fayette Urban Cnty. Gov't v. Smolcic*, 142 S.W.3d 128, 134-35 (Ky. 2004), the Kentucky Supreme Court further explained the reason for its holding in *Kaplan*: "Absolute immunity refers to the right to be free, not only from the consequences of the litigation's results, but from the burden of defending oneself altogether." (internal quotation marks and citation omitted)

In attempting to avoid Kentucky's rule against an apportionment instruction in this type of case, the Power Companies cite the Sixth Circuit's decision in *Grimes*, 355 F.3d 566. However, the *Grimes* Court never reached the apportionment issue in its decision. In *Grimes*, a passenger of a truck brought suit against the manufacturer and distributor of the

vehicle. The defendants then filed a third-party complaint against the Kentucky Department of Transportation, alleging claims for negligence and failure to warn. *Id.* at 571. After the jury returned a defense verdict, the plaintiff appealed the apportionment instructions. *Id.* at 573.

In their response, the Power Companies quote from a section of the opinion explaining the lower court's decision. [Record No. 89] The Sixth Circuit does acknowledge that, under Kentucky law, the defendants needed to file a third-party complaint before seeking contribution from the Department of Transportation. *Grimes*, 355 F.3d at 571. However, the Court ultimately avoided the apportionment issue, holding that the plaintiff's appeal of the apportionment instruction had been mooted by virtue of the jury's verdict in favor of the defendants. *Id*. at 573.

Also relying on *Grimes*, the United States District Court for the Western District of Kentucky has held in an unreported decision that Kentucky's prohibition on apportionment instructions only applies to cases involving *absolute* sovereign immunity. *Hayes v. MTD Prods., Inc.*, No. 3:05CV-781-H, 2007 WL 437687, at *2 (W.D. Ky. Feb. 5, 2007). The court in *Hayes* observed that the "Kentucky legislature has partially abrogated the state's immunity via the Board of Claims Act." *Id.* It then concluded that, because the government agency in question was at least potentially liable to the Board of Claims, the reasoning from *Kaplan* and *Smolcic* did not apply and an apportionment instruction might be appropriate if the facts supported it. *Id*.

The reasoning from *Hayes* has no application here because the Power Companies cannot pursue a remedy against KSP with the Board of Claims. Kentucky Revised Statute § 44.070(1) bars the Board of Claims from hearing "collateral or dependent claims which are

dependent on loss to another and not the claimant." The Kentucky Court of Appeals has held that claims for indemnification and contribution qualify as "collateral or dependent claims," preventing the Board of Claims from exercising jurisdiction over them. *Poole Truck Line, Inc. v. Commonwealth, Transp. Cabinet/Dep't of Highways*, 892 S.W.2d 611, 612-14 (Ky. App. 1995). Therefore, KSP's absolute sovereign immunity shields it from suit *and* a potential apportionment instruction.

### IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Third-Party Defendant Kentucky State Police's motion to dismiss [Record No. 84] is **GRANTED**. The claims contained in the Third Party Complaint filed against Third-Party Defendant Kentucky State Police [Record No. 66] are **DISMISSED**, with prejudice.

2. Defendants/Third-Party Plaintiffs Kentucky Power Company's and Consol of Kentucky, Inc.'s request for an apportionment instruction [Record No. 89] is **DENIED**.

This 22nd day of September, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge